UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.T., <br><br> Plaintiff, <br><br> v. <br><br> SEATTLE SCHOOL DISTRICT NO. 1, <br><br> Defendant. | Case No. C22-1140-RSM <br><br> ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE EXPERT WITNESS |

This matter comes before the Court on Defendant Seattle School District No. 1 ("Defendant")'s Motion to Exclude Untimely Disclosed Expert Witnesses, specifically that of Dr. David Widlan. Dkt. #47. Plaintiff A.T. ("Plaintiff") opposes. Dkt. #54.

The original deadline for expert witness disclosure was June 14, 2023. Dkt. #11. The Court granted the parties' stipulated Motion and continued the trial date from December 11, 2023, to April 29, 2024. Dkts. #14, #15, #16. However, the parties stipulated in their Motion that they had "already exchanged reports as well [as] written discovery and responses thereto[,]" thus the Court did not reset the original deadline for expert witness disclosures. Dkts. #14 at 2, #15, #16.

On June 14, 2023 (the original deadline), Plaintiff provided his Disclosure of Expert Testimony (pursuant to Federal Rule of Civil Procedure 26(a)(2)) which mentioned Dr. Widlan,

ORDER GRANTING MOTION TO EXCLUDE EXPERT WITNESS - 1

but included no written report. Instead, the Disclosure included a statement that "Dr. Widlan is expected to perform a psychological evaluation of Plaintiff and may provide his opinions of Plaintiff's alleged damages and their factual causation by way of a report." Dkt. #41-1 at 2. In Defendant's Disclosure of Rebuttal Expert Testimony, Defendant objected to Plaintiff's disclosure of Dr. Widlan because "no such disclosure was made under applicable rules," thus Defendant reserved the right to amend or supplement its disclosure as to Dr. Widlan or move to strike Plaintiff's expert. Dkt. #41-2 at 2.

Plaintiff did not provide Dr. Widlan's report until February 16, 2024. Dkt. #41-3. In the email providing the report, Plaintiff's counsel said that they "realize[d] this [was] beyond the discovery cutoff, but [they] just realized that it was never sent out to [Defendant] in discovery." Id. Plaintiff's counsel blamed this on a former associate (the associate apparently responsible for that portion of discovery) quitting around the time of discovery cutoff and accepted that it was ultimately his "error for which I take responsibility." *Id*.

Under Federal Rule of Civil Procedure 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence… at a trial, unless the failure was substantially justified or is harmless." The rule discusses additional or alternative sanctions available on motion. As expert witness testimony, the Court finds that Plaintiff's disclosure of Dr. Widlan was untimely under Rule 26(a)(2), and the most obvious sanction would be to exclude this witness.

Exclusions of an improperly disclosed expert is "automatic" unless "the failure to disclose was substantially justified or harmless." *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). There are various factors to consider in determining whether or not the failure to disclose was substantially justified, but Plaintiff fails to provide such a justification for why Dr. Widlan's report was not provided until almost 8 months after the report

was created. The Court concludes that the delay not substantially justified. Plaintiff says this untimely disclosure does not prejudice Defendant because the report was produced "just seventeen (17) days past" the alternative deadline of 90 days before the trial date under Rule 26(a)(2). Dkt. #54 at 5. However, the Court notes that Plaintiff's expert report was late by several months beyond the deadline of June 14, 2023, and was also late by "just seventeen (17) days," as admitted, even if the set deadline of June 14, 2023, did not exist. Reopening discovery would substantially delay this case, set for trial in less than 2 months. Defendant would incur additional costs to depose Dr. Widlan and pay its own expert to rebut Dr. Widlan's opinion, requiring defense counsel to revise preparations for trial. None of this is adequately addressed. Plaintiff's argument that "Defendant has not presented any evidence that Plaintiff's counsel's failure involved any willfulness, fault, or bad faith" is also unconvincing because, first, it is Plaintiff's burden to show that untimely disclosure was outside of Plaintiff's control and justified, and second, the Court finds that the failure to timely disclose was not harmless.

Plaintiff fails to move for any alternative sanction. The Court concludes that excluding Dr. Widlan as an expert witness is the appropriate sanction.

Given all of the above and having reviewed the relevant briefing and remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Exclude Untimely Disclosed Expert Witnesses, Dkt. #47, is GRANTED.

DATED this 30th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO EXCLUDE EXPERT WITNESS - 3